UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MARGOLIS, *et al.*, ) | Civil No. 12-CV-0288-JLS (WVG) |
| ) | |
| Plaintiffs, ) | ORDER DENYING PLAINTIFFS' REQUEST FOR AN ORDER PRESERVING CERTAIN ELECTRONICALLY STORED INFORMATION |
| ) | |
| v. ) | |
| ) | |
| THE DIAL CORPORATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

Pending before the Court is Plaintiffs' request for an Order to preserve certain Electronically Stored Information ("ESI") belonging to Defendants, specifically: (1) voicemail and instant messages; and (2) backup tapes. (Doc. No. 42 at 2-3.) For the reasons stated below, Plaintiffs' request is DENIED.

## I. BACKGROUND

On April 19, 2012, the Court held a telephonic Discovery Conference during which a briefing schedule was set for the parties to discuss ESI preservation. (Doc. Nos. 34, 35.) On April 20, 2012, the Court ordered all ESI to be preserved, with Defendants maintaining the status quo of all evidence, including backup tapes, until the Court reviewed the parties' briefs on the ESI issues. (Doc. No. 35.)

On May 2, 2012, Defendants' filed an initial brief pursuant to the Court's April 20, 2012, Order. (Doc. No. 36.) On May 18, 2012, Plaintiffs' filed a Response brief, and Defendants' filed a Reply brief on May 25, 2012. (Doc. Nos. 42, 44.)

## II. VOICEMAIL AND INSTANT MESSAGES

Defendants sent a letter to Plaintiffs on April 12, 2012, in an attempt to reach an agreement about ESI preservation. (Doc. No. 36 at 3; Exh. A.) The letter stated, "Defendants do not believe that this case requires preservation of voicemails or instant messages given the nature of the claims at issue." Id. Plaintiffs did not respond to the letter. Id. at 3.

Plaintiffs argue that the preservation of voicemail and instant messages is required under Zublake v. US Warburg LLC, 220 F.R.D. 212, 218 (S.D.N.Y. 2003), because the group of employees involved is small and identifiable, there will be local archive files and possibly a dedicated voicemail and instant message server, and the data may not otherwise be available if the archive data is not preserved. (Doc. No. 42 at 4.) Plaintiffs assert that a preservation order will impose a minimal burden on Defendants because it will require a onetime copying of voicemail and instant message servers, in additional to local archive files. Id.

Defendants argue that they have already sent a litigation hold notice to employees who may have potentially relevant documents, and have instructed them to preserve voicemail and instant messages. (Doc. No. 36 at 3.) Defendants state that they have taken, and absent agreement between parties, will continue to take, reasonable steps to preserve any relevant voicemail or instant messages that may exist. Id. at 4-5. For these reasons, Defendants do not feel that a preservation order is necessary. Id. at 5.

It is clear from Plaintiffs' ESI brief that they believe Defendants' voicemail and instant messages should be preserved. (See Doc. No. 42.) It is the Court's understanding that there has been no agreement to the contrary. As Defendants state in their briefing, in the absence of an agreement, they will continue to take reasonable steps to preserve any relevant voicemail or instant messages. (Doc. No. 36 at 4-5.) Therefore, the Court finds no need to issue a preservation order dealing with voicemail or instant messages, and DENIES Plaintiff's request as moot.

## III. BACKUP TAPES

Plaintiffs concede that true forms of disaster recovery tapes are not reasonably accessible without undue burden or cost. (Doc. No. 42 at 3; citing Fed. R. Civ. P. 26(b)(2)(B).) However, Plaintiffs still request that the Court order Defendants to determine the completeness of their ESI

1   about the website www.getmagnetic.com, in order to resolve the issue of whether preservation of
2   disaster recovery tapes is necessary.  (Doc. No. 42 at 6.)  They believe that Defendants should take
3   appropriate steps to preserve website data, even though the website is operated by a third-party
4   advertising agency.  Plaintiffs further suggest that the backup tapes should be preserved only to the
5   extent that data contained on them is not otherwise available.  Id.
6       Defendants' assert that their backup tapes fall squarely within the general category
7   discussed in Zublake, and are not subject to the exception.  (Doc. No. 36, Signorello Decl. ¶ 10-15.)
8   Defendants state that they have already sent letters to third parties that may have relevant documents.
9   Id. at 2.  They argue that an order requiring preservation of backup tapes would be unduly
10  burdensome and duplicative, and that ESI preservation orders are only issued in exceptional
11  circumstances.  Id; see Fed. R. Civ. P. 26(f) 2006 Advisory Committee Notes.

### A. Legal Standard

13  True forms of disaster recovery tapes are not "reasonably accessible without undue burden
14  or cost."  Fed. R. Civ. P. 26(b)(2)(B).  Zublake defines inaccessible backup tapes as those typically
15  maintained solely for the purpose of disaster recovery, which may continue to be recycled on the
16  schedule set forth in the company's policy.  Zublake, 220 F.R.D. at 218.  "Absent specific
17  circumstances, preservation obligations should not extend to disaster recovery backup tapes."  Id. at
18  217, n. 22; quoting The Sedona Principles: Best Practices, Recommendations & Principles for
19  Addressing Electronic Document Discovery.  Zublake does carve out one exception to this general
20  rule, which is explained as follows,

> If a company can identify where particular employee documents are stored on backup tapes, then the tapes storing the documents of "key players" to the existing or threatened litigation should be preserved if the information contained on those tapes is not otherwise available.  This exception applies to *all* backup tapes.

24  Zublake, 220 F.R.D. at 218.
25  Federal Rule of Civil Procedure 26(f) requires parties to discuss ESI during their discovery
26  conference.  Fed. R. Civ. P. 26(f)(3)(C).  Rule 26(f) also requires the parties to discuss preservation
27  issues.  Fed. R. Civ. P. 26(f)(2).  However, as the Rule 26 Advisory Committee notes make clear,
28  "The requirement that the parties discuss preservation does not imply that courts should routinely

1  enter preservation orders. A preservation order entered over objections should be narrowly tailored.
2  *Ex parte* preservation orders should only issue in exceptional circumstances." 2006 Advisory Comm.
3  Notes to Rule 26(f). Rule 26(b) discusses specific limitations on ESI, and notes that a party is not
4  required to provide discovery of ESI from sources that the party identifies as not reasonably accessible
5  because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B).

### B. Ruling

7  The Court finds that an order requiring preservation of Defendants' backup tapes will be
8  overly burdensome and duplicative. Further, Defendants' backup tapes do not fall within the
9  exception identified in Zublake. Zublake, 200 F.R.D. at 218.

10  Defendants' backup data is stored on thousands of massive drives that would need to be
11  copied onto other drives if backup data is ordered to be preserved. (Doc. No. 44, Signorello Decl. ¶
12  2.) Preserving backup data for a specific date or time period is not a matter of simply pulling out
13  physical backup tapes, because data for an individual employee or database does not correlate directly
14  with particular backup drives. Id; Doc. No. 36; Signorello Decl. ¶ 2. Instead, data is stored across
15  multiple tapes in an encrypted format that is only usable once restored. (Doc. No. 36; Signorello
16  Decl. ¶ 2.) Any restoration would require searching across multiple backup tapes to recreate the
17  universe of documents on the server during that time period. Id; Signorello Decl. ¶ 3. Defendants
18  estimate that it may cost tens of thousands of dollars just to bring the data on the backup tapes into
19  a usable state. Id; Signorello Decl. ¶ 4.

20  IBM has advised Defendants that to perform a one-time search for particular custodians'
21  data on the thousands of backup drives that exist, and to copy such data to external media, would
22  require IBM to take Defendants' entire disaster recovery system offline. (Doc. No. 44 at 2-3.) This
23  would mean that all data for the four companies would not be backed up during this period. Id. at 3.
24  Additionally, preserving backup data on a going-forward basis would require IBM, or another vendor
25  with whom Defendants would need to contract, to build an entirely new infrastructure so that data
26  could be backed up and simultaneously copied to external media. Id.

27  Defendants have instructed employees likely to have relevant documents to preserve them,
28  and are not aware of any noncompliance. Therefore, documents on backup tapes are duplicative of

1 the documents individual custodians are saving in active storage locations. Defendants have also
2 taken reasonable steps to retain website content. (Doc. No. 44 at 3.) Defendant Dial Corporation
3 previously requested that the third party preserve website data, and has sent a supplemental
4 preservation request specifying additional items that have since been raised by Plaintiffs. Id.

5 Although Plaintiffs note that there is an exception to the general rule that disaster recovery
6 tapes are not reasonably accessible, they offer no support or explanation as to why Defendants'
7 backup tapes fall within the exception. The exception noted in Zublake only applies if the company
8 can identify where particular employee documents are stored on backup tapes. Zublake, 200 F.R.D.
9 at 218. Defendants state throughout their briefing that their backup tapes are not organized by
10 individual or by date. (Doc. No. 44 at 2.) Therefore, Defendants' backup tapes do not fall within the
11 exception, and a preservation order is not required.

12 There is no suggestion that Defendants are destroying evidence or otherwise not meeting
13 their preservation duties. Therefore, the Court DENIES Plaintiff's request for an order to preserve
14 Defendants' backup tapes.

## IV. CONCLUSION

16 Based on the briefs submitted by the parties and the relevant law, the Court finds that
17 Defendants have demonstrated that preservation of backup tapes would be unduly burdensome, costly,
18 and duplicative, and the backup tapes do not fall within the Zublake exception. An order to preserve
19 backup tapes is not appropriate in this case, and the issue of voicemail and instant message
20 preservation is moot. Therefore, the Court DENIES Plaintiffs' request for a preservation order for
21 the specific ESI at issue.

22 IT IS SO ORDERED.
DATED: July 3, 2012

Hon. William V. Gallo
U.S. Magistrate Judge